UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GREGG A. BRAVERMAN and | ) | No. 11 B 20550 |
| STACY J. BRAVERMAN, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| OAKLAND RIDGE HOMEOWNERS | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 A 1723 |
| | ) | |
| GREGG A. BRAVERMAN and | ) | |
| STACY J. BRAVERMAN, | ) | |
| | ) | |
| Defendants. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This matter is before the court for ruling on the motion of debtors Gregg A. Braverman and Stacy J. Braverman ("the Bravermans") to dismiss the adversary complaint of plaintiff Oakland Ridge Homeowners Association (the "Association") for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 12(b)). For the reasons that follow, the motion will be granted in part and denied in part.

### 1. Background

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are taken as true and all reasonable inferences drawn in favor of the non-movant. *Reynolds v. CB*

*Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). The court considers not only the facts alleged but also facts evident from exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c) (made applicable by Fed. R. Bankr. P. 7010); *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 384 (7th Cir. 2010).

The Association's complaint and exhibits allege the following facts. The Bravermans own a residence in Lake Villa, Illinois. The residence is located in a planned subdivision known as Oakland Ridge. Owners of property in Oakland Ridge are bound by the Amended and Restated Declaration for Oakland Ridge (the "Declaration") which, among other things, imposes restrictions on the use of properties in the subdivision. One of the restrictions requires a wood fence of specific dimensions to be built around the entire rear yard of an owner's property if the owner installs a swimming pool there. Another restriction regulates the construction of swimming pools. Still another prohibits the modification of any portion of the subdivision defined as a "conservancy area." The Association is authorized to enforce the terms of the Declaration and may assess against the owner the cost, including attorney's fees, of bringing property into compliance.

A portion of the rear of the Bravermans' property is a conservancy area. Despite this, and despite the other restrictions in the Declaration, in the summer of 2004 the Bravermans built an in-ground swimming pool in the rear of their property and enclosed the pool but not the rear area itself with a fence that was wrought-iron and not wood. In response, the Association brought an action in Illinois state court alleging that the Bravermans had violated the Declaration and seeking injunctive relief. On June 16, 2011, after a trial, the state court issued an extensive memorandum order granting the Association's request for a mandatory injunction, ordering the Bravermans to remove the pool and fence, and awarding the Association its attorney's fees and

costs.

While the Association's action against them was pending and before the state court issued its order, the Bravermans filed a chapter 7 bankruptcy case. The Association then sought and received an order from this court annulling the automatic stay pursuant to 11 U.S.C. § 362(d). The annulment order had the effect of validating the state court's decision. Four days later, the Bravermans received their discharge.

Before the discharge was entered, the Association filed an adversary complaint in the bankruptcy case alleging that the pool and fence still had not been removed as the state court order required and asserting that the Bravermans owed the Association a nondischargeable debt under section 523(a) of the Bankruptcy Code. The complaint has two counts. The first alleges a debt nondischargeable under section 523(a)(6), 11 U.S.C. § 523(a)(6), for damages arising out of the Bravermans' violation of the Declaration. The second alleges a debt nondischargeable under section 523(a)(16), 11 U.S.C. § 523(a)(16), for attorney's fees the Association has incurred and is still incurring in enforcing the Declaration.

The Bravermans have now moved to dismiss both counts for failure to state a claim. For the reasons that follow, the motion will be granted as to Count I but denied as to Count II.

## 2. Discussion

The Bravermans' motion to dismiss will be granted as to the section 523(a)(6) claim in Count I. Count I fails to allege an independent tort and therefore fails to state a claim under section 523(a)(6). As to Count II, however, the motion will be denied. Count II states a claim under section 523(a)(16) in connection with the Association's post-petition attorney's fees.[1]

---

    [1]    The Bravermans do not argue that their obligations under the Declaration concerning the pool and fence were discharged in the bankruptcy case. Since the parties have not

-3-

### a. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a complaint will be dismissed unless it clears "two easy-to-clear hurdles." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must contain enough factual detail to give the defendant fair notice of the claim under Rule 8. "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, a complaint's allegations must plausibly suggest the plaintiff has a right to relief, raising that right above a "speculative level." *Twombly*, 550 U.S. at 555. Plausibility means the allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

Not only must the facts satisfy the notice-plus-plausibility standard of *Twombly* and *Iqbal*, they must be legally sufficient in the sense that they invoke a cognizable legal theory. Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If "as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Id.* at 327 (internal quotation and citation omitted); *see Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002) ("At a minimum, a complaint must state facts sufficient to state a claim as a matter of law."); *One-on-One Fitness Personal Training Serv., Inc. v. Reyes (In re Reyes)*, Nos. 09 B 35198, 09 A 1277, 2010 WL 2757180, at *3 (Bankr. N.D. Ill. July 13, 2010).

---

raised the issue, this opinion likewise assumes (without deciding) that the Bravermans' obligations under the Declaration continue post-discharge.

### b. Section 523(a)(6)

The Association's claim under section 523(a)(6) must be dismissed because it is based on a breach of contract. No tortious conduct has been alleged.

Section 523(a)(6) of the Code excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). A claim under section 523(a)(6) has three elements: (1) the debtor caused an injury; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious. *Glucona Am., Inc. v. Ardisson (In re Ardisson)*, 272 B.R. 346, 356 (Bankr. N.D. Ill. 2001). An action is "willful" if both the action itself and the resulting injury are intended by the debtor. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). An action is "malicious" if it is taken "in conscious disregard of one's duties or without just cause or excuse." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (internal quotation omitted).

Section 523(a)(6), however, does not apply to breaches of contract, even intentional ones. As the Supreme Court observed in *Kawaauhau*, the phrase "willful and malicious injury" is one that "triggers in the lawyer's mind the category 'intentional torts.'" *Kawaauhau*, 523 U.S. at 61. Section 523(a)(6) is therefore limited to tortious conduct. *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008) (stating that "tortious conduct is a required element for a finding of nondischargeability under § 523(a)(6)"); *Neiman v. Irmen (In re Irmen)*, 379 B.R. 299, 312-13 (Bankr. N.D. Ill. 2007); *Wish Acquisition, LLC v. Salvino (In re Salvino)*, 373 B.R. 578, 589 (Bankr. N.D. Ill. 2007), *aff'd*, No. 07 C 4756, 2008 WL 182241 (N.D. Ill. 2008); *see also* 4 *Collier on Bankruptcy* ¶ 523.12[1], at 523-91 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2011) (noting that "[s]ection 523(a)(6) generally relates to torts and not to contracts"). To state a claim under section 523(a)(6), then, a creditor must allege conduct amounting to an

-5-

independent tort. *Birriel v. Odeh (In re Odeh)*, 431 B.R. 807, 817 (Bankr. N.D. Ill. 2010). The elements of what constitutes an independent tort are determined by non-bankruptcy law – in this case, Illinois law. *Salvino*, 373 B.R. at 584.

The Association's complaint alleges only a breach of contract by the Bravermans. The Association asserts that in installing the pool and fence, the Bravermans violated the Declaration. Like a condominium declaration, however, *see In re Rosteck*, 899 F.2d 694, 696 (7th Cir. 1990), the declaration governing a homeowners association is a contract, *In re Application of Cnty. Treasurer and Ex Officio Cnty. Collector*, 373 Ill. App. 3d 679, 702, 869 N.E.2d 1065, 1087 (2d Dist. 2007) (describing a homeowners association declaration as "[a]n unambiguous contract"); *Glenstone Homeowners Ass'n v. Illinois Dep't of Transp.*, 48 Ill. Ct. Cl. 388 (1996) (ruling that covenants in a homeowners association declaration are express contracts).[2/] Consequently, a claim for breach of a homeowners association declaration "sounds in contract," *Willmschen v. Trinity Lakes Improvement Ass'n*, 362 Ill. App. 3d 546, 551, 840 N.E.2d 1275, 1280 (2d Dist. 2005), not tort, and will not support a section 523(a)(6) claim, *see Salem Bend Condo. Ass'n v. Bullock-Williams (In re Bullock-Williams)*, 220 B.R. 345, 346-47 (B.A.P. 6th Cir. 1998).

In opposing dismissal, the Association contends that the "breach of a restrictive covenant [in a homeowners association declaration] is a tort, not a mere breach of contract" (P. Mem. at 4) but cites no legal authority supporting the contention and concedes there is none (P. Supp. Mem. at 2). Nevertheless, the Association insists that because the covenants in the Declaration "run with the land," they constitute property interests of the Association, and by interfering with those

---

[2/] That a homeowners association declaration is a contract also follows implicitly from the many decisions holding that declarations are interpreted using the rules for contractual interpretation. *See, e.g., Forest Glen Cmty. Homeowners Ass'n v. Bishof*, 321 Ill. App. 3d 298, 303, 746 N.E.2d 1285, 1289 (2d Dist. 2001); *Toepper v. Brookwood Country Club Rd. Ass'n*, 204 Ill. App. 3d 479, 487, 561 N.E.2d 1281, 1286 (2d Dist. 1990).

property interests the Bravermans have committed a tort. The Association does not specify the tort it has in mind but says that it is "analogous" to a private nuisance or a trespass (P. Mem. at 4; P. Supp. Mem. at 4).

The Association is correct in two respects. First, covenants under a homeowners association declaration do typically run with the land. *See, e.g., Application of Cnty. Treasurer*, 373 Ill. App. 3d at 684, 869 N.E.2d at 1073. And second, according to at least one authority, violations of covenants running with the land can constitute torts under some circumstances. *See* Restatement (Third) of Property: Servitudes ch. 8, intro. note (2000) ("Depending on the nature of the servitude and the circumstances of the case, violation of a servitude creates causes of action in either tort or contract and may create causes of action in both tort and contract."); *but see Uehara v. Schlade*, 236 Ill. App. 3d 252, 260, 603 N.E.2d 646, 651 (1st Dist. 1992) (noting that under Illinois' "*Moorman* doctrine" the ability to recover in contract for violation of a condominium declaration generally precludes recovery in tort); 21 C.J.S. *Covenants* § 66 at 381 (2006) (stating that the breach of a covenant "confers the same right of action as for any other contract"); 20 Am. Jur. 2d *Covenants, Conditions, and Restrictions* § 42 at 593 (2005) (same).

But even if the violation of a covenant in a declaration may be a tort in some instances, it does not follow that all or even most violations of covenants constitute recognized torts. To plead a tort independent of a contract violation, "a plaintiff must allege facts falling within a recognized tort theory." *Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Ins. Co*, 962 F.2d 628, 638 (7th Cir. 1992). The conduct alleged in the complaint – the Bravermans' construction of a fence and pool on property they undeniably own – does not fit any recognized tort theory, and the Association suggests none. The Association characterizes the Bravermans' conduct as "analogous" to private nuisance or trespass, not as constituting either one. What it

-7-

means to say that conduct is "analogous" to a recognized tort, the Association fails to explain.[3/]

Because the Association has alleged only a breach of contract, not a tort, Count I fails to allege a claim under section 523(a)(6). Count I must be dismissed.

The dismissal, furthermore, will be with prejudice. Ordinarily, a party receives leave to amend his complaint at least once as a matter of course. Fed. R. Civ. P. 15(a) (made applicable by Fed. R. Bankr. P. 7015); *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *Foster v. DeLuca*, 545 F.3d 582, 583-84 (7th Cir. 2008). But the right to amend is not absolute, and a party can be denied leave if it is clear the complaint would not survive a second motion to dismiss. *Arlin-Golf*, 631 F.3d at 823; *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Here, the Association's complaint attaches as exhibits both the Declaration and the state court's opinion. All the facts the Association could ever plead are therefore in play, and it is apparent right now that no combination of them can be fashioned into a section 523(a)(6) claim. The claim would be "legally insufficient on its face" and any amendment futile. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1487, at 733 (2010). Dismissal with prejudice is therefore appropriate.

The Bravermans' motion to dismiss Count I of the Association's complaint will be granted. Count I will be dismissed with prejudice.

---

[3/] Certainly, the Bravermans' violations do not amount to a trespass or a private nuisance in the usual sense. A trespass is "the entry onto another's land without permission, invitation, or other right." *Benno v. Central Lake Cnty. Joint Action Water Agency*, 242 Ill. App. 3d 306, 313, 609 N.E.2d 1056, 1061 (2d Dist. 1993); *see also Lyons v. State Farm Fire & Cas. Co.*, 349 Ill. App. 3d 404, 411, 811 N.E.2d 718, 725 (5th Dist. 2004). A private nuisance is "'a substantial invasion of another's interest in the use and enjoyment of his or her land.'" *Dobbs v. Wiggins*, 401 Ill. App. 3d 367, 375, 929 N.E.2d 30, 38 (5th Dist. 2010) (quoting *Willmschen*, 362 Ill. App. 3d at 553, 840 N.E.2d at 1281-82). It does not appear from the complaint that in building the pool and fence the Bravermans ever entered anyone else's land or that the fence and pool affected anyone else's use and enjoyment of his land.

### c. Section 523(a)(16)

Count II, however, will not be dismissed. That count states a claim under section 523(a)(16) of the Code, at least to the extent the Association is seeking post-petition attorney's fees.

Section 523(a)(16) excepts from discharge "a fee or assessment that becomes due and payable after the order for relief" with respect to a debtor's interest in a lot in a homeowners association. 11 U.S.C. § 523(a)(16). The exception applies "for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such . . . lot." *Id.* At the same time, however, section 523(a)(16) provides that "nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief," apparently limiting the exception to post-petition fees and assessments. *Id.*[4/] The provision was added to the Code to resolve a conflict in the courts about whether association fees accruing post-petition in a chapter 7 case are nevertheless discharged because the contract establishing the fees was entered into pre-petition. 4 *Collier on Bankruptcy, supra,* at ¶ 523.24; *see In re Barr,* 457 B.R. 733, 736-37 (Bankr. N.D. Ill. 2011).

Count II of the Association's complaint alleges facts that state a claim under section 523(a)(16). According to Count II, the Bravermans are responsible for the Association's attorney's fees. Section 7.07 of the Declaration allows the Association to recover "[a]ll costs and expenses" incurred in connection with the "exercise of its rights and remedies," including "attorneys' fees." (Compl. Ex. A at 13). Moreover, the Association's attorney's fees are

---

[4/] It is unclear whether the "fee or assessment" mentioned at the beginning of section 523(a)(16) is the same as the "membership association fee or assessment" mentioned near the end of the statute, since the phrase at the end has a noun modifier that the phrase at the beginning lacks.

-9-

assessments: section 7.07 provides that the fees will be "charged to *and assessed against* the defaulting Owner." *Id.* (emphasis added).[5/] According to Count II, the Bravermans violated the Declaration pre-petition by building the fence and pool and are continuing to violate the Declaration post-petition by not removing them. The Association is incurring attorney's fees post-petition in connection with its efforts to enforce the Declaration against the Bravermans, and any assessment against the Bravermans for the Association's post-petition attorney's fees will certainly be due and payable post-petition. That is enough to allege a debt nondischargeable under section 523(a)(16).

In moving to dismiss Count II, the Bravermans assert that "[p]re-petition legal fees are subject to discharge." (D. Mem. at 3). As support, they cite *Bethea v. Robert J. Adams & Assocs.*, 352 F.3d 1125 (7th Cir. 2003).

Certainly, as the Bravermans note, a chapter 7 debtor's debt for pre-petition attorney's fees is typically discharged – although the *Bethea* decision is really irrelevant here.[6/] But the Bravermans' point does not get them very far. As discussed earlier, section 523(a)(16) excepts from discharge fees or assessments due and payable "*after* the order for relief" and then says fees or assessments "for a period arising *before* entry of the order for relief" are indeed discharged. 11 U.S.C. § 523(a)(16) (emphasis added). So the Association's pre-petition attorney's fees have been discharged, but its post-petition attorney's fees have not, and Count II plainly alleges that

---

[5/]     Even if the Declaration did not specifically make the Association's attorney's fees an assessment, the fees are at least arguably a "fee" for purposes of section 523(a)(16). *See In re Burgueno*, 451 B.R. 1, 4-5 (Bankr. D. Ariz. 2011).

[6/]     *Bethea* concerned attorney's fees that a chapter 7 debtor had incurred pre-petition in the bankruptcy case itself and held those fees dischargeable. *Bethea*, 352 F.3d at 1126. The decision did not address fees or assessments owed to a membership association and never mentioned section 523(a)(16).

the Association has incurred and is continuing to incur attorney's fees post-petition. As to the Association's post-petition attorney's fees, Count II states a claim.

The Bravermans' motion to dismiss Count II of the Association's complaint will be denied.

### 3. Conclusion

For the foregoing reasons, the motion of defendants Gregg A. and Stacy J. Braverman to dismiss the adversary complaint of plaintiff Oakland Ridge Homeowners Association is granted in part and denied in part. The motion is granted as to Count I of the complaint. Count I is dismissed with prejudice. As to Count II of the complaint, the motion to dismiss is denied. The Association has leave to file an amended complaint eliminating Count I. A separate scheduling order will be entered.

Dated: December 28, 2011

_____
A. Benjamin Goldgar
United States Bankruptcy Judge